**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ELNORA MAE BOYD, individually and
as personal representative of the
estate of Richard Boyd,
<u>Plaintiff-Appellant,</u>

v.                                                                No. 98-1456

WATERFRONT EMPLOYERS ILA
PENSION PLAN, in the ports of South
Carolina,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CA-97-252-18-2)

Argued: March 4, 1999

Decided: July 13, 1999

Before HAMILTON and TRAXLER, Circuit Judges,
and LEE, United States District Judge for the
Eastern District of Virginia,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Howard Wayne Floyd, WAYNE FLOYD LAW OFFICE,
P.A., West Columbia, South Carolina, for Appellant. Marvin DeWitt

Infinger, SINKLER & BOYD, P.A., Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Plaintiff-Petitioner Elnora (Ella) Mae Boyd brought this action seeking benefits as the "surviving spouse" of Richard Boyd from Defendant-Respondent Waterfront Employers - I.L.A. in the Ports of South Carolina Pension Plan (the "Plan"). The Plan is a defined bene-fit plan under the Employee Retirement Income Security Act of 1974 ("ERISA"). After discovering that Ella and Richard Boyd were never legally married, the Plan terminated benefits and this termination was affirmed by the Plan's trustees ("Trustees"). Ms. Boyd sued to rein-state her benefits in South Carolina state court. The Plan removed the case to district court because it involved benefits under ERISA. After a bench trial, the district court upheld the Trustees' decision. For the reasons stated below, we affirm the decision of the district court.

Plaintiff Ella Boyd "married" Richard Boyd on July 27, 1967. Richard Boyd was a member of the Plan. Mr. Boyd was killed in a job related accident in 1989, at which time the Plan covered him. The Plan paid Ms. Boyd spousal benefits and life insurance proceeds in excess of $170,000. Previously, Ms. Boyd had married George Alston on June 29, 1951. In 1954, the Domestic Relations Court of the County of Charleston ordered their "legal separation." However, they were never legally divorced. When Mr. Alston, who was also a mem-ber of the same plan, inquired about his benefits, he revealed that he was not divorced from Ms. Boyd. Upon investigation, the Plan con-firmed these facts and terminated payments to Ms. Boyd. We review this decision.

2

According to Ms. Boyd, she and Richard Boyd thought that they were husband and wife. The couple entered a good faith, licensed ceremonial marriage in 1967, raised three children, and lived together until Mr. Boyd's death in 1989. Ms. Boyd argues that"beneficiary" is defined as the person designated by the member, including any person appearing equitably entitled to payment. As she was designated Richard Boyd's beneficiary under the Plan, Ms. Boyd seeks benefit payments. Furthermore, she contends that the Plan does not specifically preclude a putative spouse from receiving spousal benefits. Although the putative spouse doctrine has not been ruled on in South Carolina, Ms. Boyd contends that an intermediate appellate decision indicates that it is a viable doctrine. See Lovett v. Lovett, 494 S.E.2d 823, 826 (S.C. Ct. App. 1997) (recognizing that some jurisdictions have adopted the putative spouse doctrine but declining to address the issue). Alternatively, Ms. Boyd would like the question certified to the South Carolina Supreme Court as the Second Circuit certified a similar question regarding ERISA benefits and the putative spouse doctrine. See Grabois v. Jones, 77 F.3d 574 (2d Cir. 1996).

On the contrary, the Plan argues that trustees and administrators have the primary responsibility for determination of benefit issues and interpretations of ERISA plan provisions. In this instance, Defendant contends that both the statute and the cases interpreting the statute indicate that the Trustees' decision to deny Ms. Boyd benefits was a reasoned, deliberate, principled decision. Finally, the Plan cautions that South Carolina has not adopted the putative spouse doctrine.

The parties dispute which standard of review, de novo or abuse of discretion, applies. Ms. Boyd contends that this Court has de novo review over all issues presented, particularly whether the district court applied the correct law when it failed to recognize the putative spouse doctrine. The Plan argues that when reviewing the Trustees' decision the Court must apply the abuse of discretion standard.

This Court reviews questions of law de novo.* However, where the

_____

*Although Ms. Boyd presents her argument as a question of law, there is no question that the district court applied the law of South Carolina as it exists. Despite the dicta in the Lovett case, South Carolina has not adopted the putative spouse doctrine. 494 S.E.2d at 826. Thus, the district court applied the correct law.

3

benefit plan gives the administrator or trustee discretionary authority to determine eligibility or to construe the terms of the plan, the denial decision must be reviewed for abuse of discretion. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). Under this deferential standard, the trustee's decision will not be disturbed if it is reasonable, even if this Court would have come to a different conclusion independently. Ellis v. Metropolitan Life Ins. Co., 126 F.3d 228, 232 (4th Cir. 1997). Such a decision is reasonable if it is the result of a deliberate, principled reasoning process and if it is supported by substantial evidence. Brogan v. Holland, 105 F.3d 158, 161 (4th Cir. 1997).

As a threshold inquiry, the reviewing court determines de novo whether the ERISA plan confers discretionary authority on the trustee and if so whether the trustee acted within that discretion. Ellis, 126 F.3d at 233. In this case, the Trustees possessed the discretionary authority to determine whether Ms. Boyd was entitled to the benefits, and the denial of benefits was within the scope of their authority. Neither party has disputed this issue. Thus, the Court reviews the Plan's decision for abuse of discretion.

In determining whether trustees abused their discretion, the Court considers 1) whether the trustees' interpretation is consistent with the goals of the plan; 2) whether it might render some language in the plan meaningless or internally inconsistent; 3) whether the challenged interpretation is at odds with the procedural and substantive requirements of ERISA itself; 4) whether the provisions at issue have been applied consistently; and 5) whether the trustees' interpretation is contrary to the clear language of the plan. Brogan, 105 F.3d at 161.

Section 2.14 of the Plan provides that

> "Eligible spouse" shall mean the husband or wife of a Member to whom the Active Member has been married for a period of at least one year immediately preceding the date he dies or to whom the Active Member is married on the date benefits payable to him hereunder (other than a Pre-Retirement Spouse's Benefit) commence.

South Carolina law forbids a person from having more than one living spouse. The statute provides that "[a]ll marriages contracted while

4

either of the parties has a former wife or husband living shall be void." S.C. Code Ann. § 20-1-80 (Law. Co-op. 1976). Because Ms. Boyd never dissolved her first marriage to Mr. Alston, her second marriage to Richard Boyd was a legal nullity. Day v. Day, 58 S.E.2d 83, 85 (S.C. 1950). Thus, the Plan's decision to terminate benefits is consistent with the language of the Plan and South Carolina law.

Ms. Boyd only seems to challenge the Plan's discretion concerning whether the provisions have been applied consistently. She argues that the Plan paid benefits to another survivor, Clementine Ellis, who was not the legal wife of the Plan member. However, the record reveals that Clementine Ellis was the common law wife of the deceased and the Plan decided not to litigate the issue. In contrast, Ms. Boyd was married to another man and does not have a legal basis (besides the putative spouse doctrine which is not recognized in South Carolina) to allege that she is the legal wife of Richard Boyd. Furthermore, the Plan reasoned that allowing her and other putative spouses to recover may open the door to multiple claims for surviving spouse benefits. The Trustees' interpretation that a legal marriage is a prerequisite to qualifying as an "eligible spouse" prevents multiple persons from claiming "eligible spouse" status. Thus, the Trustees' decision to deny Ms. Boyd benefits was reasoned, deliberate, and principled, and not inconsistent with their decision regarding Clementine Ellis.

On the issue of certification, the putative spouse doctrine has not been specifically addressed in South Carolina. However, this case is different from Grabois v. Jones, where the question was certified. 77 F.3d 574. In Grabois, the plan fiduciary had not made a decision. Instead, the plan fiduciary filed an interpleader complaint for declaratory judgment as to which of the two claimants was entitled to receive the benefits. Id. at 576-577. In our case, the Trustees decided not to award the benefits and acted within their discretion and consistent with South Carolina law.

For the reasons stated above, we affirm the decision of the district court.

AFFIRMED

5